UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF LOUISIANA

IN THE MATTER OF                                    CASE NUMBER:  01-13276

HAMPTON VILLAGE, INC.                               CHAPTER 11

**MEMORANDUM OPINION**

Orders awarding compensation to attorneys H. Kent Aguillard ("Aguillard") and

John Haas Weinstein ("Weinstein") over the objection of Dwight H. Smith ("Smith") and

Atlas Associates, Inc. ("Atlas") are now before this Court on remand from the Fifth

Circuit.  The appeals court has instructed this Court to decide:

> (1) whether the February 5, 2003 order awarding fees to Weinstein properly
>
> reflects deductions from Weinstein's retainer; and
>
> (2) whether Weinstein and Aguillard are entitled to compensation for their
>
> services defending Smith and Atlas's appeal of their compensation awards.

Should the Court deny Aguillard and Weinstein's request for compensation for

defending Smith and Atlas's appeal, Weinstein in the alternative requests sanctions

against Smith and Atlas under Bankruptcy Rule 9011 for pursuing "baseless litigation."[1]

The Court concludes that the February 5, 2003 fee award to Weinstein was

correct, because Weinstein exhausted his $5,000 retainer before entry of the order for

relief; Aguillard and Weinstein are not entitled to any fees for their professional services

defending Smith and Atlas's appeals of the February 4 and 5, 2003 compensation orders;

---

[1] John Haas Weinstein's Supplemental Application for Allowance for Compensation and Reimbursement of
Expenses and, in the Alternative, Request for Sanctions Pursuant to Bankruptcy Rule 9011, paragraph 12.

and the record does not support sanctions against Smith or Atlas for appealing the compensation orders.

## FACTS

Creditors Smith and Atlas filed an involuntary chapter 7 petition against Hampton Village, Inc. ("Hampton Village") on December 28, 2001. In January 2002, the debtor hired Aguillard and Weinstein to represent it during the involuntary bankruptcy proceedings. At the same time, Weinstein and Aguillard each received a $5000 retainer from Shaffett, Inc., a creditor of Hampton Village.[2] Hampton Village initially consented to involuntary chapter 7 relief, but later converted its case to a chapter 11 reorganization. After conversion, the court approved the debtor's retention of Weinstein and Aguillard as the debtor in possession's counsel.

During the course of hotly contested litigation over matters not directly related to issues on remand, Hampton Village agreed to the appointment of a chapter 11 trustee on August 26, 2002. Several weeks later, Aguillard and Weinstein each filed applications for compensation as counsel for the former debtor in possession. Smith and Atlas opposed the fee requests. The court ultimately awarded Weinstein $36,788.26 and Aguillard $13,610.16 for services they performed before the chapter 11 trustee's appointment. It denied compensation for any services Aguillard and Weinstein rendered after the trustee was appointed. Smith and Atlas appealed the awards to the district court and then to the Fifth Circuit, which affirmed in part and remanded the matters to address the calculation of Mr. Weinstein's fee and to consider Aguillard and Weinstein's requests for compensation for services defending their fee awards on appeal.

---

[2]   Richard Shaffett ("Shaffett") was the sole stockholder of both Hampton Village and Shaffett, Inc.

## Analysis

### I. Retainer Calculation

Smith and Atlas argue that the $5,000 retainer was not deducted from the fees awarded to Weinstein in the compensation order, which as a result was incorrect. Weinstein contends that the retainer was exhausted before the May 13, 2002 order for relief.

The record of funds transfers Weinstein offered into evidence resolves this dispute.[3]  It describes payments made to Weinstein from the $5,000 retainer both before and after the May 13, 2002 order for relief.[4]

A review of the transactions confirms that Mr. Weinstein exhausted all but $607.98 of the retainer before the order for relief.[5]  Because Weinstein depleted the retainer before the involuntary adjudication, a reduction of $5,000 from the fees the Court awarded him for post-petition work is not appropriate.

---

[3]  Aguillard and Weinstein's Exhibit 1 consisted of a Supplemental Application for Allowance for Compensation and Reimbursement of Expenses and in the Alternative, Request for Sanctions Pursuant to Bankruptcy Rule 9011.  Weinstein's funds transaction listing was attached to that document as Exhibit C.

[4]  At a March 30, 2005 hearing, the parties stipulated that Weinstein if called would testify that the list of funds transactions attached to his fee application offered into evidence was complete and accurate.

[5]  At trial, Weinstein conceded that the $607.98 retainer balance was applied after the order for relief. Although this action violated the automatic stay under 11 U.S.C. §362, it is a *de minimis* violation.  The court will annul the automatic stay retroactive to May 21, 2002 solely to validate the retainer application. *See Sikes v. Global Marine, Inc.*, 881 F.2d 176 (5th Cir. 1989).

## II. Additional Fees Sought by Former Counsel for Chapter 11 Debtor

### A.  Orders Denying Compensation for Services after Trustee's Appointment are Final and Non Appealable

The February 4 and 5, 2003 orders awarded Aguillard and Weinstein compensation for services to the debtor in possession between the order for relief and the appointment of the chapter 11 trustee.  The orders denied compensation to Aguillard and Weinstein for their work after the trustee was appointed.  Because Aguillard and Weinstein did not cross appeal to the orders, they did not preserve the issue of debtor's counsel's entitlement to compensation for services allegedly aiding the trustee during the transitional period after his appointment.  The issue was not preserved on appeal, and the Fifth Circuit appropriately declined to address it.  *Dwight Smith and Atlas Associates v. Weinstein and Aguillard*, No. 03-30949, slip op. at 4 (5th Cir. 12/16/2004), 122 Fed. Appx. 717, 719 (5th Cir. 2004).  Thus, this court will not revisit the compensation requests now.

### B.  Fees for Defending Appeal of Fee Award Orders

The only remaining issue concerning the fee awards is whether Aguillard and Weinstein are entitled to compensation for their services defending Smith and Atlas's appeal.  Aguillard and Weinstein must address first the plan's deadline for fee applications, and then their entitlement as a matter of law to fees earned after the appointment of the trustee.

#### 1.   The Plan Deadline for Fee Applications

The court's February 13, 2003 order confirmed the Hampton Village chapter 11 reorganization plan, which itself established a fifteen day deadline after confirmation for

4

fee applications.[6]  Accordingly, the deadline for submitting fee applications was February 28, 2003.

Aguillard and Weinstein's applications for compensation were filed January 5 and 6, 2005, respectively, well after the plan's deadline.  Additionally, Aguillard and Weinstein neither objected to the plan's deadline for fee applications, nor sought an extension of or relief from the deadline.

The terms of a confirmed plan bind all parties in interest.  11 U.S.C. §1141(a); *Eubanks v. Federal Deposit Insurance Corporation*, 977 F.2d 166, 170 (5th Cir. 1992). Aguillard and Weinstein failed to comply with the terms of the order confirming the plan, and the plan itself, to preserve their claim for fees post-appointment of the trustee.

Accordingly, the terms of the confirmed plan bar payment of further compensation to Aguillard and Weinstein.

### 2.   Eligibility for Fees

A second reason that Aguillard and Weinstein's fees are not recoverable is that at no time after the chapter 11 trustee's appointment were Aguillard or Weinstein employed by the bankruptcy estate pursuant to 11 U.S.C. §330(a)(1).[7]  A bankruptcy court has no authority to award compensation to debtor's attorneys from the estate unless the lawyers are formally employed by the trustee.  *Lamie v. United States Trustee*, 540 U.S. 526, 124

---

[6]  Second Amended Chapter 11 Plan *of Liquidation, With Immaterial Modifications, of Dwight H. Smith and Atlas Associates, Inc., Dated January 30, 2003*, Section 9.02.

[7]  Bankruptcy Code §330(a)(1) allows a court to award compensation to professionals who are employed pursuant to 11 U.S.C. §327, which states in relevant part: "The trustee, with the court's approval, may employ, for a specified purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed." 11 U.S.C. §327(e).

S. Ct. 1023 (2004); *Matter of Pro-Snax Distributors, Inc.*, 157 F.3d 414, 425 (5th Cir. 1998).

Because the chapter 11 trustee did not employ Aguillard or Weinstein to perform any work for the estate, neither lawyer was eligible to receive fees from the estate for professional services after the trustee's appointment.

### 3.  Availability of Funds

Aguillard and Weinstein next argue that section 3.01[8] of the confirmed chapter 11 plan entitles them to payment from sales of lots despite the fact that the debtor transferred all its assets to 28 Joor L.L.C., pursuant to the confirmed plan.

Section 3.01 of the plan states that allowed administrative expense claims will be paid from the net proceeds of lot sales held by the trustee.  In the event that the proceeds are insufficient then the remaining claims are to be paid when enough lots are sold to cover the remaining expenses.

Section 3.01 establishes a mechanism by which unsatisfied administrative claims are to be paid, once the claims are allowed.  It is irrelevant to Weinstein and Aguillard's applications, because as a threshold matter they do not hold administrative priority claims for fees, and were not actually entitled to compensation from the estate for their work.

Even if Weinstein and Aguillard had proven that they are entitled to post-confirmation compensation and that they had met the deadlines in plan section 9.02 for filing post-confirmation expense applications, no source of funds exists for payment of those fees.  Although the plan acknowledges Weinstein and Aguillard's disputed fee

---

[8]   Section 3.01 of the Second Amended Chapter 11 Plan *of Liquidation, With Immaterial Modifications, of Dwight H. Smith and Atlas Associates, Inc., Dated January 30, 2003*, allows for the payment of administrative claims from the proceeds of lot sales upon the "sale of a sufficient number of subdivision lots" in the event that the proceeds from the trustee's sales are not sufficient.

claims (see plan section 3.01), it did not establish a reserve for those claims against the possibility that Aguillard and Weinstein would prevail on appeal. Where a plan does not reserve for payment of claims, and funds are disbursed, a claimant cannot belatedly seek payment, since there are no assets from which claims may be paid. The claimant is bound by the confirmed plan along with all other interested parties. *See Eubanks*, 977 F.2d at 170.

### III. Sanctions

Finally, Aguillard and Weinstein contend that Smith and Atlas engaged in conduct justifying sanctions under Bankruptcy Rule 9011,[9] which incorporates Federal Rule of Civil Procedure 11. Under Rule 11 and thus Bankruptcy Rule 9011 the court employs an objective standard when determining whether the conduct of the parties or their counsel is a violation of the rule. *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, 498 U.S. 533, 111 S. Ct. 922 (1991).

Although the Fifth Circuit affirmed the Weinstein and Aguillard fee awards in large part, Smith and Atlas's appeal were not frivolous in light of the record of the case. Viewed through an objective lens, Smith and Atlas are only guilty of aggressive advocacy in a bitterly contested case. Although the duration and intensity (and very likely, the expense to their clients) of Smith and Atlas's lawyer's efforts were remarkable, the record does not support a conclusion that their efforts violated Rule 9011**.**

---

[9] Under Bankruptcy Rule 9011, an attorney presenting a pleading or motion to the court certifies, to the best of his knowledge that: "(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law…; (3) the allegations and other factual contentions have evidentiary support…; (4) the denials of factual contentions are warranted on the evidence…."

**Conclusion**

Weinstein performed work for which he applied most of his prepetition retainer before the order for relief. Accordingly, it is not appropriate to offset the $5,000 retainer from the fees the court awarded Weinstein for his work after entry of the order for relief. Thus, the Court's February 5, 2003 order was correct.

Aguillard and Weinstein cannot be compensated for their professional services defending the appeals taken by Smith and Atlas. Neither Aguillard nor Weinstein filed an application for compensation within the time limits established in the confirmed plan. Further, neither proved that they were even eligible to be compensated for fees earned after the appointment of the trustee.

Finally, Smith and Atlas engaged in litigation that was vigorous, but the record does not establish that it rose to the level of conduct sanctionable under Rule 9011.

The court will enter an order in conformity with these reasons.

Baton Rouge, Louisiana, July 1, 2005.

**s/ Douglas D. Dodd**
DOUGLAS D. DODD
UNITED STATES BANKRUPTCY JUDGE